This is an action claiming unlawful entry and detainer and seeks relief pursuant to § 47a-43 et seq. of the General Statutes. The proceeding before me sought injunctive relief in the form of writ of restitution to the premises. The defendant tacitly agreed that there was a lockout, but asserted at the hearing on July 3, 2001, that the plaintiff was a transient guest at a motel and that the entry and detainer statute did not therefore apply, pursuant to § 47a-2 (a)(4) of the General Statutes.
The evidence elicited at the hearing on July 3 was largely undisputed. The plaintiff and one Charles Lee, apparently a former fiancee who, although a named plaintiff in this proceeding, apparently has no present interest in this proceeding, entered into an agreement with Vilpesh Patel, the owner and manager of the Flamingo Inn in Windsor for the occupancy of a room. The initial discussion, which occurred on April 2, 2001, was between Lee and Patel. The plaintiff Ely testified regarding her understanding of the conversation, but that testimony was of course hearsay and, although not objected to, is entitled to little weight. In any event, Ely testified that Lee told Patel that they would be staying for "a while." Patel testified that Lee said they would stay for at least a week, and Patel received payment for a week. There was no conversation about specifically how long they would be staying. Patel testified that he told Lee that if they stayed for more than a week, they would need to pay in advance. I credit Patel's testimony.
Payments were not always made in advance, but it is not disputed that as of Friday. June 22, 2001, payments for the room were current. Early in June, Patel was promised that Ely and Lee would vacate soon, but they did not vacate. Ely had a discussion with Patel on June 22. Patel said he wanted them to leave,[1] but Ely and Lee apparently wanted to stay. On Monday, June 25, Ely went to an office of the Department of Social Services to see what she could do. When she returned, the lock to her room, number 176, had been changed and a note on the door indicated that their "occupancy had been terminated" and that they could check at the office to retrieve their belongings. Ely called the police, who talked to both parties but ended up taking no action. Some of the plaintiffs' CT Page 10443-bn belongings were returned on the 25th but some apparently remain temporarily in the custody of Patel.
When the plaintiffs occupied Room 176. Ely was aware that she was in a motel. The room was approximately twelve feet by thirteen feet. and contained a bed, telephone, television and bathroom facilities. No cooking was allowed in the room, although the plaintiff Ely apparently did some simple cooking. Ely moved into Room 176 from a shelter and she brought with her her belongings, which included two computers, a television, a stereo. some appliances and her clothes. She received at least one piece of mail at the Inn. There was no difference between the arrangements for occupancy between the plaintiffs and other guests, although many paid only for a night or two and left.
A lockout occurred, of course. The issue to be resolved is whether the entry and detainer provisions of § 47a-43 et seq. apply. Section 47a-2
(a) (4] of the General Statutes specifically exempts from the provisions of § 47a-43, and other statutes, "transient occupancy in a hotel or motel or similar lodging." Again, there is no dispute whether the occupancy was in a motel. The sole question, then, is whether the occupancy was "transient."
The defendant, in a proceeding such as this, has the burden of proving transiency.
Bourque v. Morris, 190 Conn. 364, 370 (1983). As stated in Bourque, any unilateral intention on the part of the plaintiff is not determinative, because the issue is to be decided on the basis of reasonable inferences to be drawn from the circumstances of the transaction between them. Id. In Bourque, the Supreme Court upheld the trial court on the issue of transiency. where the court below had held that the defendant satisfied its burden of proving transient occupancy where the stay in a licensed hotel was for three months, the facility was a twelve-by fifteen-foot room with no toilet, baffling or cooking facilities, but there was a sink. The city of Norwich paid for the room, because the plaintiff was a welfare recipient. When the city stopped paying. the defendant locked out the plaintiff. The room was the plaintiff's only home at the time. The trial court held that the occupancy was transient for the purpose of § 47a-2 (a)(4) of the General Statutes. Previously noting that factors include the length of stay, the existence of a special contract for the room, the fact of another abode and the extent to which the plaintiff has made the room his home.[2] the court in Bourque found dispositive significance in the factors that both sides, of course knew that facility was a hotel, there was no special arrangement regarding the CT Page 10443-bo plaintiff's stay at the facility that was different from any other guest's arrangement, there was no expectation that the city would pay permanently, and the accommodations were rudimentary. The court found no error in the trial court's holding that the occupancy was transient.
State v. Anonymous, supra, reached a superficially opposite result, although the two cases are by no means irreconcilable. Justice (then Judge) Shea wrote an Appellate Session opinion reversing a criminal conviction because there was insufficient evidence to support the conclusion that the defendant was a "transient guest" under the applicable larceny statute. There was evidence that the defendant rented an efficiency apartment at a motel; the efficiency apartments were rented on a different basis from regular rooms at the motel in question. The unit had cooking facilities but no maid service. On these facts, and others which were more equivocal, it was held that there was not sufficient evidence to support proof beyond a reasonable doubt.
I find that the case in issue presents a very close question as to whether the defendant has sustained his burden of proof to show that the occupancy was transient. Factors in favor of so finding are, first and most compellingly, that the premises were, after all, a motel. Residency in a motel or hotel may indeed be "permanent," but the more usual expectation is to the contrary. Second, the facility was, according to the evidence, quite rudimentary: it was approximately twelve by thirteen feet, with no dedicated facility for cooking. There was no special contractual arrangement introduced into evidence which was different from that provided to the regular traveler. On the other hand, the plaintiff apparently made the residence her home, at least temporarily, and the arrangement had lasted nearly three months.
On balance, I find that the arrangement is very much like that inBourque, and find that the defendant has sustained his burden of showing that the occupancy was transient. The writ of restitution is, therefore, denied. The injunction concerning the plaintiff's belongings is still in effect, however, and the parties shall make mutually convenient arrangements for the return of her belongings to the plaintiff.